**PERKINS COIE LLP**
Sunita Bali (Bar No. 274108)
*SBali@perkinscoie.com*
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Lauren J. Tsuji (Bar No. 300155)
*LTsuji@perkinscoie.com*
Anna Mouw Thompson (*Pro Hac Vice*)
*AnnaThompson@perkinscoie.com*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant GOOGLE LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JOEL SCHWARZ, on behalf of his minor child B.S., EMILY DUNBAR, on behalf of her minor child H.D., and MICHAEL GRIDLEY and ELIZABETH GRIDLEY, on behalf of their minor children A.G. and Z.G., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 3:25-cv-03125-RS

**GOOGLE LLC'S SECOND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT**

Date: October 16, 2025
Time: 1:30 p.m.
Location: Courtroom 3, 17th Floor
Judge: Hon. Richard Seeborg

## I. REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, and in connection with its concurrently filed Reply In Support of Google's Motion to Dismiss the Class Action Complaint ("Reply"), Defendant Google LLC ("Google") respectfully asks that the Court take judicial notice of the following exhibits attached to the Declaration of Sunita Bali in Support of its Reply:

1. **Exhibit A** is a true and correct copy of a July 2020 Federal Trade Commission business guide entitled "Complying with COPPA: Frequently Asked Questions," which is available at the Federal Trade Commission's website at https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions#Schools.

2. **Exhibit B** is a true and correct copy of a January 2015 Federal Trade Commission guide entitled "Testing, testing: A review session on COPPA and schools," which is available at the Federal Trade Commission's website at https://www.ftc.gov/business-guidance/blog/2015/01/testing-testing-review-session-coppa-schools.

3. **Exhibit C** is a true and correct copy of an April 2020 Federal Trade Commission guide entitled "COPPA Guidance for Ed Tech Companies and Schools during the Coronavirus," which is available at the Federal Trade Commission's website at https://www.ftc.gov/business-guidance/blog/2020/04/coppa-guidance-ed-tech-companies-schools-during-coronavirus.

4. **Exhibit D** is a true and correct copy of a May 2022 Federal Trade Commission policy statement entitled, "Policy Statement of the Federal Trade Commission on Education Technology and the Children's Online Privacy Protection Act," which is available at the Federal Trade Commission's website at https://www.ftc.gov/legal-library/browse/policy-statement-federal-trade-commission-education-technology-childrens-online-privacy-protection.

5. **Exhibit E** is a true and correct copy of the complaint in the FTC enforcement action: *United States v. Edmodo, LLC*, Case No. 3:23-cv-02495 (N.D. Cal. May 22, 2023), which is available at https://www.ftc.gov/system/files/ftc_gov/pdf/edmodocomplaintfiled.pdf.

## II. THE COURT MAY CONSIDER EXHIBITS A-E BECAUSE THEY ARE PROPER SUBJECTS OF JUDICIAL NOTICE

Exhibits A-D are guidance published by the Federal Trade Commission (FTC). Exhibits A-D are proper subjects for judicial notice because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and Google supplies the Court "with the necessary information" herein. Fed. R. Evid. 201(b)(2) & (c)(2). These items (as well as Exhibit E) may be accessed on the official website of the FTC. *See In re Silver Lake Grp., LLC Securities Litig.*, 108 F.4th 1178, 1185 n.3 (9th Cir. 2024) (taking judicial notice of document "publicly available on the FCC website"); *see also Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. June 12, 2014) (publicly accessible websites are proper subjects of judicial notice when ruling on a motion to dismiss).

Exhibit E is a public filing in an enforcement action, which is a proper subject for judicial notice. *See McMunigal v. Bloch*, No. C 10–02765 SI, 2010 WL 5399219, *2 n.1 (N.D. Cal. Dec. 23, 2010) (granting judicial notice of documents filed in another lawsuit); *Smith v. Intel Corporation*, 2025 WL 2381617, at *3 (N.D. Cal. 2025) (finding that filings in other litigation are judicially noticeable for the existence of the allegations and issues adjudicated in these other suits).

## III. CONCLUSION

For the foregoing reasons, Google respectfully asks that the Court grant its Request for Judicial Notice and consider Exhibits A-E in deciding Google's Motion to Dismiss.

Dated: September 29, 2025

**PERKINS COIE LLP**

By: */s/ Sunita Bali*
Sunita Bali (Bar No. 274108)
Lauren J. Tsuji (Bar No. 300155)
Anna Mouw Thompson (*Pro Hac Vice*)

*Attorneys for Defendant GOOGLE LLC*