# EXHIBIT E

BRIAN M. BOYNTON, Principal Deputy Assistant Attorney General
ARUN G. RAO, Deputy Assistant Attorney General
AMANDA N. LISKAMM, Director
LISA K. HSIAO, Assistant Director
JAMES T. NELSON, Senior Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
Civil Division
450 5th Street, N.W.
Washington, DC 20001
Telephone: (202) 616-2376
james.nelson2@usdoj.gov

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
VIVIAN F. WANG (CABN 277577)
Assistant United States Attorney
United States Attorney's Office
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102
Telephone: (415) 436-7136
vivian.wang@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>EDMODO, LLC, a limited liability corporation.<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER EQUITABLE RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1. Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a)(1), and Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), to obtain monetary civil penalties, a permanent injunction, and other relief for Defendant's violations of Section 5 of the FTC Act and the Commission's Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312.

**CASE SUMMARY**

2. This matter involves Defendant's numerous violations of the COPPA Rule. Until 2022, Defendant illegally collected the personal information of students in the United States under the age of 13 covered by the Rule. Defendant did not provide direct notice of its information practices to parents, did not obtain parental authorization prior to collecting students' personal information, and did not retain children's personal information only as long as reasonably necessary to fulfill the purpose for which it was collected. In addition, by unfairly burdening schools and teachers in the United States with its COPPA-compliance responsibilities, Defendant also engaged in unfair practices in violation of Section 5 of the FTC Act.

**JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A) and 56(a).

4. Venue in the Northern District of California is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)(2) and (c)(2) and 1395(a) because Defendant has its principal place of this business in this District, because Defendant transacted business in this District, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. Divisional assignment is proper in the San Francisco Division or the Oakland Division under N.D. Cal. Civil L.R. 3-2(d) because this action arises in San Mateo County.

**SECTION 5 OF THE FTC ACT**

6. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair and deceptive acts or practices in or affecting commerce.

## THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT RULE

7. Congress enacted COPPA in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet websites and online services. COPPA directed the Commission to promulgate a rule implementing COPPA. The Commission promulgated the COPPA Rule on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553. The Rule went into effect on April 21, 2000. The Commission promulgated revisions to the Rule that went into effect on July 1, 2013. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

8. The COPPA Rule applies to any operator of a commercial website or online service directed to children that collects, uses, and/or discloses personal information from children, and to any operator of a commercial website or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children. The term "personal information" means "individually identifiable information about an individual collected online," and includes, among other things, "first and last name," "online contact information," a "telephone number," a "persistent identifier that can be used to recognize a user over time and across different Web sites and online services," and a "photograph, video, or audio file where such file contains a child's image or voice."

9. The Rule requires operators to meet specific requirements prior to collecting, using, or disclosing personal information from children, including but not limited to:

a. Providing clear, understandable, and complete notice of its information practices, including specific disclosures directly to parents;

b. Making reasonable efforts, taking into account available technology, to ensure that parents receive the direct notice;

c. Obtaining verifiable parental consent prior to collecting, using, and/or disclosing personal information from children; and

d. Retaining personal information collected from children online only as long as is reasonably necessary to fulfill the purpose for which the information was collected.

10. For purposes of this Complaint, the terms "child," "collects," "collection," "disclosure," "Internet," "obtaining verifiable consent," "online contact information," "operator," "parent," "personal information," and "Web site or online service directed to children" are defined as those terms are defined in Section 312.2 of the COPPA Rule, 16 C.F.R. § 312.2.

**DEFENDANT**

11. Defendant Edmodo, LLC ("Edmodo") is a Delaware corporation with its principal place of business at 777 Mariners Island Boulevard, San Mateo, California 94404. Until approximately September 2022, Edmodo transacted business in this District and throughout the United States, and Edmodo currently transacts business in this District relating to its customers in other countries.

**COMMERCE**

12. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

**DEFENDANT'S BUSINESS PRACTICES**

13. Until approximately September 2022, Defendant operated and provided the Edmodo platform and related mobile applications ("Edmodo Platform") to teachers, students, and parents throughout the United States. Defendant continues to provide the Edmodo Platform in countries outside the United States. The Edmodo Platform allows individual teachers to create an account, and then invite students and parents to join their "virtual" classroom. Edmodo features available to teachers include virtual class spaces to host discussions and share materials, student assessment tools such as assignments, quizzes, educational games and gradebooks, direct messaging to communicate privately with students and parents, and a calendar to organize tasks and events, among others. Teachers can create classes and groups to which they can invite their students, other teachers, or parents. When creating a class, teachers indicate the grade level of the class.

14. In the United States, Defendant offered two versions of the Edmodo Platform to students, teachers, and parents—a free version (the "Free Platform") and a subscription version ("Edmodo Enterprise").

15. Students could access the Free Platform either by downloading the free "Edmodo: Your Online Classroom" mobile application from Apple's App Store or Google Play, or they could register for the service through Defendant's website, www.edmodo.com.

16. Access to the Free Platform did not require any contractual arrangement on a school or district level—any individual teacher could register independently. Once a teacher registered for an account, the teacher could create a class and invite students to join Edmodo by (a) creating student accounts in advance, (b) inviting students to join by email, (c) sharing a unique class URL, or (d) sharing a unique class code. To generate the student accounts in advance, a teacher entered the student's first name, last name, and email address. If invited to join by email, class URL or class code, students registered by providing first name, last name, and email address. Defendant also asked students to provide date of birth (between July-September 2020) and phone number (prior to July 2020).

17. Once an account was created on the Free Platform, Defendant allowed students to provide additional information to Defendant such as school name, phone number, location, and a profile picture. Defendant also automatically collected certain usage and device information, including cookies, IP address, device type, operating system, browser type and ID, and geographic location based on IP address.

18. In contrast to the Free Platform, the Edmodo Enterprise was available to schools and school districts that first entered into a contractual arrangement with Edmodo and paid a subscription fee based on the number of users expected to use the platform in that school or district. The teachers then created student accounts in a manner similar to the Free Platform, and Edmodo collected the same personal information from students.

19. As described in further detail below, until approximately September 2022, both the Free Platform and Edmodo Enterprise collected personal information from student users in the United States without informed parental consent. Additionally, between at least 2018 and September 2022, Defendant

collected personal information from users in the United States in the form of persistent identifiers from students' devices and used that personal information to serve contextual advertising to students via the Free Platform, including students under 13. Between at least 2018 and September 2022, Defendant allowed its third-party advertising partners to collect persistent identifiers in the form of IP addresses from student users in the United States, enabling advertisers to identify the device on which to serve the contextual ad.

## DEFENDANT IS SUBJECT TO THE COPPA RULE

20. Defendant is subject to the COPPA Rule because: (1) both the free and enterprise versions of the Edmodo Platform are directed to children under 13; and (2) Defendant has actual knowledge that children under 13 used both versions of the platform, including children under 13 in the United States.

21. First, the Edmodo Platform is an online service directed to children that was available in the United States until approximately September 2022. Defendant directed and actively marketed the Edmodo Platform to elementary and middle schools in the United States, including schools that teach children under the age of 13. Students as young as kindergarten age could be invited to create accounts on Defendant's platform, and Defendant itself estimated that, in the United States, around 600,000 students under the age of 13 used the Edmodo Platform in 2020 alone. Defendant intended that children in the United States under the age of 13 use its Edmodo Platform and such children did, in fact, use these services. Therefore, under the Rule, the Edmodo Platform is a web site or online service directed to children.

22. Second, Defendant had actual knowledge that children in the United States under the age of 13 used the Edmodo Platform. Defendant collected dates of birth from students during the sign-up process and was therefore able to identify students who are under the age of 13. Moreover, when creating a class on the Edmodo Platform, teachers provided the grade level of the class. Based on the grade level entered by teachers during the sign-up process, Defendant could identify which classes in the United States contained children under the age of 13. Therefore, under the Rule, Defendant had actual knowledge that children under 13 used the Edmodo Platform.

**DEFENDANT VIOLATED COPPA BY FAILING TO OBTAIN VERIFIABLE PARENTAL CONSENT**

23. The COPPA Rule requires covered operators, such as Defendant, to obtain verifiable parental consent before collecting, using, or disclosing personal information from children. Obtaining verifiable parental consent includes making "any reasonable effort (taking into consideration available technology) to ensure that before personal information is collected from a child, a parent of the child: (1) receives notice of the operator's personal information collection, use, and disclosure practices; and (2) authorizes any collection, use, and/or disclosure of the personal information." 16 C.F.R. § 312.2.

24. The Commission's 1999 COPPA Rule Statement of Basis and Purpose ("COPPA SBP") explains that the Rule allows schools to (1) serve as the parents' agents in the notice and consent process by consenting *on behalf of* parents, or (2) act as intermediaries between operators and parents to obtain consent *directly from* parents. 64 Fed. Reg. 59888, 59903 (Nov. 3, 1999).

25. However, the COPPA SBP also states that before an operator may rely on school-facilitated authorization to collect personal information from children, it must first "provide notice to the school of the operator's collection, use and disclosure practices." 64 Fed. Reg. 59888, 59903 (Nov. 3, 1999).

26. In this case, and as described more fully below, Defendant's terms of service ("Terms of Service") suggested that schools and teachers were responsible for obtaining the verifiable parental consent required by the COPPA Rule. Defendant's purported reliance on teachers and schools to obtain parental consent, whether by regarding the teachers and schools as (1) agents authorizing collection on behalf of parents, or (2) intermediaries to obtain consent from parents, violated the COPPA Rule.

27. In the first scenario, Defendant could not rely on schools and teachers to provide authorization as agents of parents for two reasons. First, Defendant never provided the schools or teachers with direct notice of its practices, thereby preventing the schools from providing authorization on behalf of parents. Second, a school's or teacher's ability to serve as the parent's agent is limited to the educational context. 64 Fed. Reg. 59888, 59903 (Nov. 3, 1999). Defendant could not rely on

schools or teachers to serve as a parent's agent because Defendant used children's personal information for a non-educational purpose (advertising).

28. In the second scenario, Defendant could not rely on schools and teachers to be intermediaries to obtain consent from parents because Defendant failed to adequately inform schools and teachers of their role as intermediaries, failed to provide them with the information necessary for them to act as intermediaries, and failed to monitor whether parents ultimately actually provided verifiable consent.

## I. SCENARIO I: DEFENDANT IMPROPERLY RELIED ON SCHOOLS OR TEACHERS AS AGENTS CONSENTING ON BEHALF OF PARENTS.

29. In order to obtain verifiable parental consent in this scenario, an operator must (1) provide a direct notice of its information practices to the school or teacher, and (2) use "reasonable efforts" to obtain authorization from the school on behalf of the parent. 16 C.F.R. § 312.5(b)(1). Defendant failed to provide schools and teachers the required direct notice and also failed to obtain authorization from the school on behalf of the parent for both the Free Platform and Edmodo Enterprise. As a result, Defendant collected children's personal information in violation of the COPPA Rule.

### A. Defendant Failed to Provide Direct Notice of its Information Practices or Obtain Authorization from Schools and Teachers on Behalf of Parents.

30. The COPPA Rule requirement to provide a direct notice of information practices means specifying the collection, use, and disclosure practices prior to collecting information from children. Such notice must be clearly and understandably written, must be complete, and must contain no unrelated, confusing, or contradictory materials. Further, the operator must make reasonable efforts, taking into account available technology, to ensure that a parent of a child (or school in appropriate circumstances) receives the direct notice.

31. On the Free Platform, Defendant did not provide direct notice of Defendant's information collection, use, and disclosure practices, as required by the COPPA Rule, during the user

sign-up process or by another means. The limited documents Defendant included during the user sign-up process do not satisfy the COPPA Rule's direct notice requirements.

32. Specifically, during the sign-up process for the teacher account on the Free Platform, the registration screen was silent with respect to Defendant's personal information collection, use, and disclosure practices and instead merely stated in small print at the bottom, "By signing up, you agree to our Terms of Service and Privacy Policy."

33. Further, neither the Terms of Service nor Defendant's privacy policy ("Privacy Policy") satisfied the COPPA Rule's direct notice requirements. First, teachers were not required to click on the linked documents or review them before creating an account and using Edmodo. Therefore, Defendant failed to make reasonable efforts to ensure the teacher actually received the notice. Second, even if such a review were required, these documents contained a host of information unrelated to Defendant's collection, use, or disclosure of personal information of children using the Edmodo Platform, including information about international legal agreements, intellectual property, and publishers of third-party content, among others. This was a clear violation of 16 C.F.R. § 312.4(a), which requires that the direct notice be "clearly and understandably written [and] complete, and [contain] no unrelated, confusing, or contradictory materials." By including such extraneous information, Defendant failed to provide proper direct notice under the COPPA Rule.

34. Further, Defendant's Privacy Policy could not serve dual functions as direct notice and online notice. The COPPA Rule requires both a direct notice and an online notice. Indeed, the Rule distinguishes between the two required notices and elaborates on the requirements for each. 16 C.F.R. § 312.4(d) ("In addition to the direct notice to the parent, an operator must post a prominent and clearly labeled link to an online notice of its information practices with regard to children . . ."). To the extent Defendant relied on its Privacy Policy to comply with the requirements of a 312.4(d) online notice, the same document could not also serve as a direct notice under 312.4(b).

35. Defendant also did not provide direct notice of its information collection, use, and disclosure practices with respect to the Edmodo Enterprise service as required by the COPPA Rule. At

no point in the contract process for schools to gain access to Edmodo Enterprise did Defendant provide schools in the United States with a direct notice.

36. In addition, as with the Free Platform, the online sign-up process for Edmodo Enterprise also failed to inform schools of Defendant's data collection, use, and disclosure practices, and therefore failed to satisfy the COPPA Rule's direct notice requirement.

37. Because Defendant did not provide teachers or schools in the United States direct notice of its information collection, use, and disclosure practices as required by the COPPA Rule, teachers and schools did not have the information necessary to provide authorization on behalf of students' parents.

### B. Schools and Teachers Could Not Act As Agents for Parents to Authorize Defendant's Use of Children's Personal Information for Non-Educational Commercial Purposes.

38. Additionally, even if Defendant had given proper notice to teachers and schools, Defendant could not rely on schools or teachers as agents to provide authorization on behalf of parents, because Defendant used students' information to serve contextual advertising, a commercial purpose unrelated to an educational service. Where an operator engages in such non-educational commercial uses, it must obtain consent directly from the parents.

39. Indeed, Defendant collected personal information in the form of persistent identifiers such as device IDs, cookies, and IP addresses from users of the Free Platform, including children under the age of 13, in order to serve them ads. In addition to collecting personal information and serving ads itself, Defendant also enabled third-party ad networks to collect persistent identifiers on its behalf in order to serve advertising to Defendant's users on the Free Platform.

40. The Commission's COPPA SBP does not contemplate the use of students' information for a commercial purpose because schools and teachers do not have the authority to consent in such a circumstance—the school's authority to provide consent on behalf of parents for the collection of children's personal information is limited to the educational context, which the Commission's guidance has made clear to operators for many years.

41. Therefore, given that Defendant used students' personal information for non-educational commercial purposes (i.e., to serve contextual advertising), it could not rely on schools or teachers to authorize collection on behalf of parents.

## II. SCENARIO II: DEFENDANT UNREASONABLY RELIED ON SCHOOLS OR TEACHERS TO ACT AS AN INTERMEDIARY TO PROVIDE NOTICE TO, AND OBTAIN CONSENT FROM, PARENTS.

42. In addition to relying on teachers and schools to provide authorization *on behalf of* parents, Defendant also claims that it relied on teachers and schools to act *as intermediaries* to obtain consent *from* parents for both the Free Platform and Edmodo Enterprise.

43. The Rule provides that an operator must "make reasonable efforts, taking into account available technology, to ensure that a parent of a child receives direct notice" of Defendant's information collection, use, and disclosure practices. 16 C.F.R. §312.4(b). In any event, where an operator relies on an intermediary, the sole responsibility for COPPA compliance remains with the operator.

44. Defendant's purported use of schools and teachers as intermediaries for the notice and authorization mechanism under the Rule fails to satisfy this standard because Defendant failed to inform teachers and schools about their role and expected duties as intermediaries. Because of its failure to provide such information, Defendant necessarily failed to take reasonable steps to ensure that parents, through schools and teachers, would receive notice of Edmodo's information collection practices, and authorize them. Further, Defendant failed to supervise or even monitor whether schools were in fact providing parents with notice and obtaining parents' authorization.

### A. Defendant Failed to Inform Teachers and Schools about Their Role as Intermediaries.

45. First, Defendant failed to adequately inform teachers and schools of Defendant's reliance on them to provide notice to and obtain authorization from parents of children using the Edmodo Platform. As stated above, any teacher in the United States was able to sign up for the Free Platform independently and without prior approval of the teacher's school or school district. Throughout the sign-up process, Defendant failed to explain that teachers or schools were required to undertake the

responsibility for ensuring that parents receive the required notice of the platform's information practices and authorize the collection of their children's personal information. Indeed, Defendant did not provide the teacher or school with the requisite information needed to provide the notice of its information practices, as required by the COPPA Rule.

46. As discussed above, the sign-up process for a teacher account on the Free Platform provided minimal information to the teacher, and merely included a small link to Defendant's Privacy Policy and Terms of Service. The teacher was not required to click on the Terms of Service or Privacy Policy in order to sign up. Defendant's Privacy Policy said nothing about the expectation that teachers would provide notice to and obtain authorization from parents, and the Terms of Service language purporting to convey to teachers and schools their responsibility to provide notice and obtain authorization from parents did not satisfy the Rule's requirements.

47. It is only if a teacher or school clicked on the Terms of Service link and scrolled down to a paragraph buried on the bottom of the second page that she would learn that Defendant intended for the teacher or school to be solely responsible for complying with the COPPA Rule. Specifically, Defendant's Terms of Service stated:

> If you are a school, district, or teacher, you represent and warrant that you are solely responsible for complying with COPPA, meaning that you must obtain advance written consent from all parents or guardians whose children under 13 will be accessing the Services. . . . When obtaining consent, you must provide parents and guardians with our Privacy Policy; you can find a sample permission slip here [NO LINK PROVIDED]. You must keep all consents on file and provide them to us if we request them. For more information on COPPA, please click here [NO LINK PROVIDED]. If you are a teacher, you represent and warrant that you have permission and authorization from your school and/or district to use the Services as part of your curriculum, and for purposes of COPPA compliance, you represent and warrant that you are entering into these Terms on behalf of your school and/or district.

48. As an initial matter, the statement in Defendant's Terms of Service is nonsensical and misleading. Schools or teachers could never be "solely responsible" for complying with the COPPA

Rule given the Rule's other requirements, including data security, online notice, and data retention limitations.

49. Moreover, the applicable statement in Defendant's Terms of Service failed to provide the necessary information for teachers and schools to comply with the Rule. For example, it failed to inform teachers and schools that, as part of complying with the Rule, operators must provide parents with direct notice of their information collection, use, and disclosure practices related to children. The provision tells teachers and schools to share Defendant's Privacy Policy, but this Privacy Policy is insufficient to meet the Rule's notice requirement for the reasons set forth in Paragraphs 33-34. The Terms of Service provision also did not provide information about appropriate mechanisms for obtaining parental authorization that would meet the Rule's requirements. And although the above Terms of Service provision claimed to link to something that would provide additional information about the Rule, no such link actually existed.

50. Similarly, Defendant also burdened schools using Edmodo Enterprise with COPPA compliance while failing to provide sufficient information on how to comply. For example, the contractual arrangement through which a school purchased access to Edmodo Enterprise only briefly mentioned consent in an exhibit attached to the contract, which merely stated that "Customer represents and warrants that it has the authority and consent (if required) to authorize Edmodo [to] receive, process, load and use personal data from [users]." Another section referenced Defendant's Terms of Service and Privacy Policy and stated "Customer acknowledges that Edmodo shall require individual users to agree to and accept Edmodo Terms of Service . . . and Edmodo's Privacy Policy." As with the Free Platform, a school or teacher was not required to review the Terms of Service or Privacy Policy prior to using Edmodo Enterprise, and those documents do not comply with the Rule in any event.

**B. Defendant Failed to Make Reasonable Efforts to Ensure That Parents Received Notice and Provided Authorization.**

51. In addition to failing to adequately inform schools and teachers about the COPPA Rule's notice and consent process, Defendant's purported reliance on schools and teachers to obtain consent from parents was not reasonable because Defendant did nothing to follow up with the school or

teachers to determine whether they, in fact, provided the necessary notice and obtained verifiable parental consent.

52. Given the inadequate instructions and lack of compliance assistance from Defendant, even when schools or teachers did understand they were to provide notice to and obtain authorization from parents, some schools and teachers failed to provide parents with accurate information about Defendant's practices, thereby preventing parents from granting valid authorization under the Rule. For example, some schools incorrectly asserted to parents that the Edmodo Platform contained no advertisements, and some failed to identify what personal information Defendant collected and how that personal information was used, while other schools did not mention anything about Defendant's data collection practices and merely directed the parents to the company's Terms of Service and Privacy Policy, neither of which, as noted above, meet the Rule's requirements.

53. As a result of these deficiencies, Defendant failed to ensure its reliance on schools to obtain consent from parents met the requirements of the Rule. Indeed, Defendant ignored an essential aspect of COPPA compliance: operators alone, and not schools, teachers, or any other third party, are ultimately responsible for complying with the COPPA Rule. Defendant made no reasonable effort, as required by the Rule, to ensure that the schools or teachers to which it attempted to delegate its COPPA compliance responsibilities instituted a parental consent mechanism that complied with the Rule. Defendant's failure to provide compliance assistance to schools and teachers, and its further failure to verify that schools and teachers actually obtained verifiable parental consent, were unreasonable, violated the Rule, and led to illegal information collection from children.

## **DEFENDANT'S PERSONAL INFORMATION RETENTION PRACTICES VIOLATED THE COPPA RULE**

54. In addition to requiring Defendant to provide direct notice and obtain parental authorization, the COPPA Rule also requires that operators retain children's personal information only as long as is reasonably necessary to fulfill the purpose for which it was collected. 16 C.F.R. § 312.10. Defendant's data retention policies clearly violated the Rule. Indeed, Defendant did not even develop a data retention and destruction policy before March 2020. Until that time, Defendant

retained personal information collected online from children indefinitely and had amassed approximately 36 million student accounts, of which only one million were actively using the platform in 2020.

55. In March 2020, Defendant finally instituted a policy pursuant to which it deletes student accounts that have been inactive for two years. However, Defendant failed to justify its maintenance of student information for two years after the account has become inactive by establishing that it was "reasonably necessary to fulfill the purpose for which [the personal information] was collected." The Defendant thereby violated the COPPA Rule's provisions related to data retention.

**DEFENDANT UNFAIRLY BURDENED TEACHERS AND SCHOOLS WITH ITS COPPA COMPLIANCE RESPONSIBILITIES**

56. Acts or practices are unfair under Section 5 of the FTC Act if they cause or are likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition. 15 U.S.C. § 45(n).

57. Defendant's attempts to outsource its legally-mandated responsibility for COPPA compliance onto schools and teachers, many of which are under-resourced and lack knowledge about the COPPA Rule, while giving them confusing and inaccurate information about providing notice and obtaining verifiable parental consent, caused substantial injury to consumers, namely schools, teachers, and children that used the Edmodo Platform. To the extent schools and teachers even knew about Defendant's attempt to rely on them to provide notice to, and obtain consent from, parents, such educators were forced to unnecessarily expend valuable resources in trying to understand and comply with the Rule as a result of Defendant's failure to provide them with adequate information. Children were injured as such wasted resources were not used for educational purposes, as well as by the fact that their personal information was illegally collected.

58. Schools, teachers, and children were unable to avoid such harm because Defendant failed to provide them with essential information about the Edmodo Platform's information collection practices.

59. Finally, Defendant's actions provided no countervailing benefit to consumers or competition. Defendant's attempt to shift its COPPA responsibilities to schools and teachers provided no benefits to children or parents, and prevented schools and parents from making informed choices about children's and students' privacy.

* * *

60. Based on the facts and violations of law alleged in this Complaint, Plaintiff has reason to believe that Defendant has violated, and is violating or is about to violate laws enforced by the Commission because, among other things, Defendant stopped the violative conduct only after it was under investigation.

## VIOLATION OF THE COPPA RULE

### COUNT I

61. The allegations in paragraphs 1 through 60 are incorporated as if set forth herein.

62. Defendant has been an operator of a website or online service directed to children as defined by the COPPA Rule, 16 C.F.R. § 312.2.

63. Defendant collected and used, with actual knowledge, personal information from children under the age of 13.

64. In numerous instances, in connection with operating an online service, Defendant collected or used personal information from children younger than the age of 13 in violation of the Rule, including by:

a. Failing to provide direct notice to parents of Defendant's practices with regard to the collection, use, or disclosure of personal information from children, in violation of Section 312.4(a) and (c) of the Rule, 16 C.F.R. § 312.4(a);

b. Failing to make reasonable efforts, taking into account available technology, to ensure that a parent receives the direct notice to be able to provide informed consent, in violation of Section 312.4(b)-(c) of the Rule, 16 C.F.R. § 312.4(b)-(c);

c. Failing to obtain verifiable parental consent before any collection, use, or disclosure of personal information from children, in violation of Section 312.5(a)(1) of the Rule, 16 C.F.R. § 312.5(a)(1); and

d. Retaining personal information collected online from children for longer than reasonably necessary to fulfill the purpose for which the information was collected, in violation of Section 312.10 of the Rule, 16 C.F.R. § 312.10.

65. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

66. Defendant violated the COPPA Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

67. Each collection, use, or disclosure of a child's personal information in which Defendant has violated the Rule in one or more of the ways described above constitutes a separate violation of the COPPA Rule for the purpose of assessing monetary civil penalties.

68. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Public Law 114-74, sec. 701, 129 Stat. 599 (2015), and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of not more than $50,120 for each such violation of the Rule assessed after January 11, 2023.

## VIOLATION OF THE FTC ACT

## COUNT II

69. The allegations in paragraphs 1 through 60 are incorporated as if set forth herein.

70. In numerous instances, Defendant outsourced its duty to comply with the COPPA Rule to schools or teachers without providing the schools or teachers with adequate information or support to meet the Rule's requirements.

71. Defendant's actions cause or are likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition.

72. Therefore, Defendant's acts or practices as set forth in Paragraphs 59-60 constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), (n).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, requests that the Court:

a. Enter a permanent injunction to prevent future violations of the FTC Act and the COPPA Rule by Defendant;

b. Award Plaintiff monetary civil penalties from Defendant for each violation of the COPPA Rule alleged in this Complaint; and

c. Award any additional relief as the Court determines to be just and proper.

Dated: May 22, 2023

**FOR THE UNITED STATES OF AMERICA:**


ISMAIL J. RAMSEY
United States Attorney
Northern District of California

*/s/ Vivian F. Wang*
VIVIAN F. WANG
Assistant United States Attorney
United States Attorney's Office
for the Northern District of California
Phone: (415) 436-7431
Fax: (415) 436-6748
Email: vivian.wang@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
U.S. Department of Justice

ARUN G. RAO
Deputy Assistant Attorney General
Civil Division

AMANDA N. LISKAMM
Director

LISA K. HSIAO
Assistant Director
Consumer Protection Branch

*/s/ James T. Nelson*
JAMES T. NELSON
Senior Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
450 5th Street, NW
Sixth Floor, South
Washington, DC 20001
202-616-2376
Fax: 202 514-8742
james.nelson2@usdoj.gov

Of Counsel:

BENJAMIN WISEMAN
Acting Associate Director
Division of Privacy and Identity Protection

TIFFANY GEORGE
Acting Assistant Director
Division of Privacy and Identity Protection

GORANA NESKOVIC
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
(202) 326-2322 (voice)
(202) 326-3062 (fax)

PEDER MAGEE
Attorney
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
(202) 326-3538 (voice)
(202) 326-3062 (fax)