1  **PERKINS COIE LLP**
   Sunita Bali (Bar No. 274108)
2  *SBali@perkinscoie.com*
   505 Howard Street, Suite 1000
3  San Francisco, California 94105-3204
   Telephone: +1.415.344.7000
4  Facsimile: +1.415.344.7050

5

6  Lauren J. Tsuji (Bar No. 300155)
   *LTsuji@perkinscoie.com*
7  Anna Mouw Thompson (*Pro Hac Vice*)
   *AnnaThompson@perkinscoie.com*
8  1301 Second Avenue, Suite 4200
   Seattle, Washington 98101
9  Telephone: +1.206.359.8000
   Facsimile: +1.206.359.9000
10

11 *Attorneys for Defendant GOOGLE LLC*

12              **UNITED STATES DISTRICT COURT**

13              **NORTHERN DISTRICT OF CALIFORNIA**

14                  **SAN FRANCISCO DIVISION**

15

16 | JOEL SCHWARZ, on behalf of his minor | Case. No. 3:25-cv-03125-RS
   | child B.S., EMILY DUNBAR, on behalf of |
17 | her minor child H.D., and MICHAEL | **GOOGLE LLC'S ADMINISTRATIVE**
   | GRIDLEY and ELIZABETH GRIDLEY, on | **MOTION TO CONSIDER WHETHER**
18 | behalf of their minor children A.G. and Z.G., | **CASES SHOULD BE RELATED**
   | individually and on behalf of all others | **PURSUANT TO CIVIL L.R. 3-12**
19 | similarly situated, |
                                              Judge: Hon. Richard Seeborg
20              Plaintiffs,

21        v.

22 GOOGLE LLC,

23              Defendant.

24

25

26

27

28

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant Google LLC ("Google") hereby requests that the Court make a determination that a miscellaneous action recently filed in this District, *Roe et al. v. Google LLC*, No. 3:25-cv-08927-AMO (N.D. Cal.) ("*Roe*"), is related to the above-captioned case, *Schwarz et al. v. Google LLC*, No. 3:25-cv-03125-RS (N.D. Cal.) ("*Schwarz*").

## I.    INTRODUCTION

In the above-captioned case, students filed suit alleging Google improperly designed their school-issued Google Chromebooks operating Google Workspace for Education ("GWFE"), Chrome OS, and the Chrome Browser (collectively, the "Google Products") to promote internet access and collection of student data for commercial purposes. ECF No. 1 ("*Schwarz* Complaint"). Six months later, a group of attorneys representing Plaintiffs in *Schwarz* filed a separate suit against Google on behalf of another student in the Northern District of California, similarly alleging that a student was harmed based on use of the same school-issued Google Products: *Roe et al. v. Google LLC*, No. 3:25-cv-08927-AMO (N.D. Cal.), ECF No. 11 ("*Roe* FAC"). Specifically, the *Roe* plaintiffs allege that the Google Products were designed to promote data collection, rather than student safety, and allowed students to engage with inappropriate content. *Roe* asserts product liability claims and *Schwarz* asserts privacy claims, but the core facts forming the basis for each case are largely the same. Namely, in both cases, the plaintiffs allege that the Google Products collect student data for commercial purposes without proper consent, diminishing student safety and privacy. *See Roe* FAC ¶¶ 52, 76, 161; *Schwarz* Compl. ¶¶ 78, 86, 201. Further, both cases raise overlapping legal issues, such as whether Google's provision of the Google Products to schools qualifies it as a state actor for purposes of 42 U.S.C. § 1983, and whether schools are authorized to provide consent for students to use the Google Products. *See Roe* FAC ¶¶ 158, 424–46; *Schwarz* Compl. ¶¶ 137, 346–85. If these cases are heard by different judges, the factual overlap will inevitably lead to an unduly burdensome duplication of labor and expense, and there will be a substantial risk of conflicting rulings on common factual and legal issues. Accordingly, Google respectfully requests that this Court enter an order relating *Roe* to *Schwarz*, and that *Roe* be assigned to Judge Seeborg who is presiding over *Schwarz*.

## II.    ARGUMENT

Civil Local Rule 3-12(a) provides that actions filed in this District are related when "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judge." Even where cases assert different claims, the Court may still determine that they are related where the "factual overlap is significant" because "[t]here is no reason for two judicial officers to spend significant resources addressing how the same factual circumstances map onto different claims." *SVF II Aggregator (DE) LLC v. Shafi*, No. 23-CV-03834-YGR, 2025 WL 2490447, at *23 (N.D. Cal. Feb. 27, 2025). Given the extensive factual and legal overlap, *Roe* and *Schwarz* satisfy both criteria and should be related.

### A.    *Roe* and *Schwarz* concern substantially the same parties, property, transaction or event.

*Roe* and *Schwarz* both assert that Google's design of the Google Products, and its use of the student data allegedly collected therein, harmed student safety and privacy. Specifically, both cases allege that Google designed these products to facilitate student access to the internet and collection of student data for compilation of student data dossiers. *See Roe* FAC. ¶¶ 52, 76; *Schwarz* Compl. ¶¶ 78, 86. Further, both cases allege that Google misled schools and parents about the safety of its products and failed to receive proper consent from parents. *See Roe* FAC ¶ 161; *Schwarz* Compl. ¶ 201. Both acknowledge that Google provides certain tools designed to protect student data and privacy, but allege that these tools are too burdensome for schools and parents to implement, and ultimately insufficient to protect students. *Roe* FAC ¶ 10; *Schwarz* Compl. ¶ 204. Though the *Roe* plaintiff is not one of the named plaintiffs in *Schwarz*, he alleges that he used the Google Products as part of his curriculum while enrolled at a K-12 public school in the United States, *Roe* FAC ¶¶ 16–26, and he would thus be a member of the putative class as defined in *Schwarz*. *Schwarz* Compl. ¶ 332.

**B.    If *Roe* and *Schwarz* are conducted before different judges, there is likely to be an unduly burdensome duplication of labor and expense or conflicting results.**

Given the shared factual and legal questions between *Roe* and *Schwarz*, there will likely be conflicting results and an unduly burdensome duplication of labor and expense if the cases are conducted before different judges. First, because of the overlapping facts identified above, it is clear they will each involve—at a minimum—discovery regarding the functionality, privacy, and safety features of the Google Products, the administrative controls and other settings made available to school administrators, and the relationship between Google and the schools that use the Google Products. Further, both cases will likely involve discovery into the complex, technical design of the same Google Products, so if these cases were heard before different judges, two judges would be required to develop familiarity with the same information to adjudicate these cases. Unless discovery efforts are coordinated between the cases, the parties will likewise be required to duplicate their efforts, with the burden on judicial resources similarly multiplied.

Further, there is substantial risk of conflicting results given the overlapping legal issues. Plaintiffs in *Schwarz* and *Roe* both argue that Google does not obtain effective consent from schools, and that Google should be treated as a state actor under 42 U.S.C. § 1983. This Court has already heard oral argument and taken under submission these and other issues in connection with Google's pending Motion to Dismiss in *Schwarz*. *See* ECF No. 31. If *Roe* is heard before a different judge, Google will be required to replicate the same arguments it made in the Motion to Dismiss, and another judge will be required to duplicate this Court's efforts in reviewing and then ruling on these arguments. Beyond duplicating the work, there is risk that another judge could reach a conflicting conclusion on the issues presented therein, creating significant uncertainty for the parties.

### III.    CONCLUSION

For the foregoing reasons, Google respectfully requests that *Schwarz* be related to *Roe*, pursuant to Local Rule 3-12, and that *Roe* be assigned to Judge Seeborg who is presiding over *Schwarz*.

1  Dated:  December 19, 2025                    **PERKINS COIE LLP**

2

3                                          By:*/s/ Sunita Bali*
                                               Sunita Bali (Bar No. 274108)
4                                              Lauren J. Tsuji (Bar No. 300155)
                                               Anna Mouw Thompson (*Pro Hac Vice*)
5

6                                          *Attorneys for Defendant GOOGLE LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28