Rebecca A. Peterson (241858)
RPeterson@4-justice.com
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Tel.: (612) 778-9595
Fax: (888) 421-4173
**GEORGE FELDMAN MCDONALD, PLLC**

Julie U. Liddell (*pro hac vice*)
julie.liddell@edtech.law
904 Rio Grande Street
Austin, Texas 78701
Tel.: (737) 351-5855
**EDTECH LAW CENTER PLLC**

Lori G. Feldman
LFeldman@4-justice.com
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel.: (718) 878-6433
Fax: (888) 421-4173
**GEORGE FELDMAN MCDONALD, PLLC**

*Counsel for Plaintiffs and the Proposed Class*
*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOEL SCHWARZ, on behalf of his minor child B.S., EMILY DUNBAR, on behalf of her minor child H.D., and MICHAEL GRIDLEY and ELIZABETH GRIDLEY, on behalf of their minor children A.G. and Z.G., individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Civ. No. 3:25-cv-03125-RS<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>Judge: Hon. Richard Seeborg |

The Court should deny Google's motion to relate the later-filed *Roe et al. v. Google LLC*, No. 3:25-cv-08927-AMO (N.D. Cal.) ("*Roe*"), an individual personal-injury and product-defect case, to the earlier-filed *Schwarz et al. v. Google LLC*, No. 3:25-cv-03125-RS (N.D. Cal.) ("*Schwarz*"), a putative data-privacy class action, because the cases do not meet the requirements of Civil Local Rule 3-12(a): they are not substantially the same, there is no likelihood of conflicting results, and there is little likelihood of undue burden or expense. *See* N.D. Cal. Civ. L.R. 3-12(a).

**A.    The cases are not substantially the same.**

Courts in this District set a high bar for when cases "concern substantially the same parties, property, transaction, or event." *Id*. In *Tecson v. Lyft, Inc.*, for example, the plaintiff in the later-filed case moved to consolidate two putative class actions alleging that Lyft violated the Telephone Consumer Protection Act when it sent text messages without recipients' consent. No. 18-CV-06782-YGR, 2019 WL 1903263, at *1–*2 (N.D. Cal. Apr. 29, 2019). The earlier-filed case concerned messages that were sent to individuals, including non-drivers, who allegedly never consented to receiving driver-recruitment text messages; the later-filed case concerned messages that were sent to former Lyft drivers who allegedly withdrew their consent to receive text messages. *Id*. at *3–*4.

The *Tecson* court held that while the cases concerned the same defendant, the putative classes "would likely be significantly different, if not wholly separate from each other." *Id.* at *3. "Even if there was some overlap between the classes, the operative facts for the putative classes would still make them substantially different." *Id.* The court concluded that "the factual inquiries for each putative class would be unique because the putative class members have different relationships with Lyft." *Id.* The court further concluded that the transactions pertaining to the cases also differed, because one focused on whether people consented to receive driver-recruitment text messages, while the other focused on whether former drivers rescinded their consent to receive text messages with promotional deals for Lyft drivers. *Id.* The court declined to relate the cases, holding that the ties presented by the later-filing plaintiff did not suffice to make actions substantially similar. *See id*.

Other courts have declined to relate facially similar cases for the same reasons. *See*, *e.g.*, *Ortiz*

*v. CVS Caremark Corp.*, No. C-12-05859-EDL, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying motion to relate because one class was comprised of California pharmacy employees, exempt and non-exempt, and the other class was comprised of California non-exempt employees because "the limited overlap of some class members is not enough to reach the 'substantial similarity' threshold"); *Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (denying motion even though both cases involve ERISA claims and the same defendant); *Hodges v. Akeena Solar, Inc.*, No. CV 09-02147 JW, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (denying unopposed motion to relate, despite that the two actions concerned substantially the same events where the claims, defendants, and procedural posture were different); *Univ. of California v. Eli Lilly & Co.*, No. C-90-0373-DLJ (JSB), 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991) (denying motion even though both cases involved the same parties and technology, and many of the same researchers; but assigning all discovery disputes to same magistrate judge).

*SVF II Aggregator (DE) LLC v. Shafi*, which Google cites without analysis or application, is not to the contrary. No. 23-CV-03834-YGR, 2025 WL 2490447 (N.D. Cal. Feb. 27, 2025). That case involved claims against five defendants accused of making false and misleading statements about a platform's user data and growth strategy to induce plaintiff to invest in the platform; the claims were grounded in federal and state securities statutes and in the common law. *Id*. at *1. The defendants sought to relate the case to a later-filed civil action brought against them by the Securities and Exchange Commission ("SEC") under other laws that concerned many of the same events. *Id*. at *23. While acknowledging that there were some differences, including different pleading standards, the court related the case over the SEC's opposition because the "factual overlap" between the cases was "significant." *Id*. The court concluded that "[t]here is no reason for two judicial officers to spend significant resources addressing how the same factual circumstances map onto different claims." *Id*.

Unlike the cases at issue in *SVF*, *Schwarz* and *Roe* do not involve the same the factual circumstances. First, the parties are not the same. While Google is the defendant in both cases, and M.C. Roe would likely be a class member in the earlier-filed *Schwarz* case, none of Joel Schwarz, his

minor child B.S., Emily Dunbar, her minor child H.D., Michael Gridley, Elizabeth Gridley, or their minor children A.G. and Z.G., allege the same harms or assert the same claims as the plaintiffs in the later-filed *Roe* case, and thus could not be parties to that case.[1] Further, the named plaintiffs in *Schwarz* seek to represent classes comprised of only students, not parents, so John Roe and Jane Roe could not be parties to the earlier-filed *Schwarz* case. *Schwarz* Compl. ¶¶ 331–45.

Second, *Schwarz* and *Roe* involve different events. The relevant fact issues in *Schwarz* concern what information Google takes from children through its Chromebook products at school, *id*. at ¶¶ 54–60, 69–77, 302–08; how Google takes that information, *id*. at ¶¶ 57–67; how Google uses that information, *id*. at ¶¶ 78–82, 172–85; with whom Google shares that information, *id*. at ¶¶ 186–97; whether and how Google purports to obtain consent to its data practices, *id*. at ¶¶ 92–171, 309–13; Google's public representations regarding its data practices, *id*. at ¶¶ 201–229; the value of the information that Google has taken from the class, *id*. at ¶¶ 29–38; 274–80; and the extent to which Google has been unjustly enriched by its collection, use, and disclosure of that information, *id*. at ¶¶ 35–42, 274–87, 299–301, 325–30.

By contrast, the relevant fact issues in *Roe* concern Google's choices relating to the design of its Chromebook products, including its Admin Console, *Roe* FAC. at ¶ 5—such as steps it took (or didn't take) to prevent young children from readily and continually accessing dangerous online content at school, *id*. at ¶¶ 7, 51–54, 72, 80, 98, 128–39, 194–99; to instead promote such content, *see id*.; to enable schools to fully control students' internet access by default, *id*. at ¶¶ 11–12, 100–04, 117–27, 201; to enable parents to oversee their child's internet access on their school Chromebooks, *id*. at ¶¶ 105–11, 140–45, 200–217; and to instead prevent such oversight, *see id*.—as well as Google's failure to warn schools and parents of the inherent dangers of its products and its decision to instead market them as safe, *id*. at ¶¶ 146–81. *Roe* also concerns a cost-benefit analysis of Google's design

---

[1] Michael Gridley has brought a product defect claim against Google in California state court on behalf of Z.G., but the parties and events of that case differ from those in *Roe*, and that case cannot be related under Civil L.R. 3-12 because it is not pending in this District. *Z.G., by and through her guardian ad litem, Michael Gridley, v. Google LLC, and Does 1-10*, Case. No. 25-CV-468773 (Cal. Sup. Ct. – Santa Clara).

choices, *id*. at ¶¶ 222–67, and the appropriate measure of damages for the injuries M.C. Roe and his parents have suffered individually, including M.C.'s debilitating pornography addiction and attendant dangerous behaviors, *id*. at ¶¶ 200–14; and the considerable time, expense, and emotional suffering his parents have experienced as a result, *id*. at ¶¶ 209–15.

Where *Roe* merely cites Google's data-collection business model as supplying the motive for its dangerous product designs and failures to warn, *id*. at ¶¶ 13, 88–97, 182–87, the claims in *Schwarz* are premised entirely on Google's data practices, *Schwarz* Compl., *passim*.

**B.     There is no likelihood of conflicting results.**

The *Roe* plaintiffs and the *Schwarz* putative class representatives assert unique legal claims:

| *Roe*, FAC ¶¶ 300–467 | *Schwarz* Compl. ¶¶ 346–467 |
|---|---|
| (i) Strict Liability – Design Defect;<br>(ii) Strict Liability – Failure to Warn;<br>(iii) Negligence – Design;<br>(iv) Negligence – Failure to Warn;<br>(v) Negligence;<br>(vi) Section 1983 (14th Am.– right to parent)<br>(vii) Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq*.; and<br>(viii) Implied Warranty of Fitness for a Particular Purpose – Cal. Com. Code § 2315. | (i) Section 1983 (4th Am.);<br>(ii) Section 1983 (14th Am.– right to privacy);<br>(iii) Federal Wiretap Act;<br>(iv) California Invasion of Privacy Act (CIPA);<br>(v) California Comprehensive Computer Data Access and Fraud Act (CDAFA);<br>(vi) Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq*.;<br>(vii) public disclosure of private facts;<br>(viii) intrusion upon seclusion, and<br>(ix) unjust enrichment. |

Although *Roe* and *Schwarz* both involve state-action claims and UCL claims, those claims present distinct legal issues with different factual underpinnings.

As to state action, neither the *Roe* plaintiffs nor the *Schwarz* putative class representatives contend that Google is a state actor for all purposes. As the Ninth Circuit has observed, "a private entity may be designated a state actor for some purposes but still function as a private actor in other respects." *Caviness v. Horizon Community Learning Ctr., Inc.*, 590 F.3d 806, 814 (9th Cir. 2010).

*Schwarz* and *Roe* identify different purposes for which Google functions as a state actor. The named plaintiffs in *Schwarz* contend that Google is a state actor as to its provision of student-

information services to schools, *Schwarz* Compl. ¶¶ 351, 367, which has led to widespread violations of student privacy under the Fourth and Fourteenth Amendments, *id.* ¶¶ 332–333, 354, 371. In contrast, the *Roe* plaintiffs contend that Google is a state actor in "operat[ing] the digital environment in which [students] participate in school," including "how students access course materials; complete assignments; search for information; store their files; manage their schedules; [and] communicate with their teachers and peers," *Roe* FAC ¶ 269, resulting in the violation of John and Jane Roe's Fourteenth Amendment right to make decisions concerning the care, custody, and control of their son, *Roe* FAC ¶¶ 285, 437–438. A finding that Google is a state actor in one case will have no bearing on whether it is a state actor in the other.

Likewise, the respective UCL claims arise out of different sets of facts, and the alleged unfair practices in *Roe* are different from those in *Schwarz*. *Compare Roe* FAC ¶¶ 447–457 (basis of claim is Google' false and misleading statements as to product safety), *with Schwarz* Compl. ¶¶ 421–431 (basis of claim is Google's false and misleading statements as to its data practices).

Because each case presents a distinct set of legal claims, and the allegations of state action and unfair competition rest on facts unique to each case, there is no likelihood of conflicting results.

**C.     There is little likelihood of undue burden or expense if the cases proceed separately.**

Given the stark factual and legal differences between the cases, discovery is unlikely to significantly overlap; thus, proceeding separately will pose no undue burden or expense. Discovery in *Roe* will be specific to the facts of M.C.'s and his parents' case and will generally concern Google's efforts (if any) to design its products for student safety. Discovery in *Schwarz* will generally concern Google's efforts (if any) to obtain effective consent to its student data practices and the details of those practices. To the extent there is any overlap, counsel in each case can work together to ensure that discovery is "neither unreasonable nor unduly burdensome or expensive," consistent with their obligations under Federal Rules of Civil Procedure Rule 26(g)(1).

## CONCLUSION

Plaintiffs therefore request that the Court deny Google's motion in its entirety.

| | |
|---|---|
| Dated: December 23, 2025 | Respectfully submitted, |

Julie U. Liddell (*pro hac vice*)
julie.liddell@edtech.law
W. Andrew Liddell (*pro hac vice* forthcoming)
andrew.liddell@edtech.law
**EDTECH LAW CENTER PLLC**
P.O. Box 300488
Austin, Texas 78705
Tel.: (737) 351-5855

Daniel E. Gustafson (*pro hac vice* forthcoming)
dgustafson@gustafsongluek.com
Catherine Sung-Yun Smith (*pro hac vice*)
csmith@gustafsongluek.com
Shashi K. Gowda (*pro hac vice*)
sgowda@gustafsongluek.com
**GUSTAFSON GLUEK, PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Tel.: (612) 333-8844
Fax: (612) 339-6622

By: *Rebecca A. Peterson*

Rebecca A. Peterson (241858)
RPeterson@4-justice.com
**GEORGE FELDMAN MCDONALD, PLLC**
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Tel.: (612) 778-9595
Fax: (888) 421-4173

David George (*pro hac vice* forthcoming)
DGeorge@4-Justice.com
Brittany Sackrin (*pro hac vice* forthcoming)
**GEORGE FELDMAN MCDONALD, PLLC**
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Tel.: (561) 232-6002
Fax: (888) 421-4173

Lori G. Feldman
LFeldman@4-justice.com
Michael Liskow (SBN 243899)
MLiskow@4-Justice.com
**GEORGE FELDMAN MCDONALD, PLLC**
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel.: (718) 878-6433
Fax: (888) 421-4173

*Counsel for Plaintiffs and the Proposed Class*