GEORGE FELDMAN MCDONALD, PLLC
Rebecca A. Peterson (241858)
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Tel.: (612) 778-9595
Fax: (888) 421-4173
E-mail: RPeterson@4-Justice.com

EDTECH LAW CENTER PLLC
Julie U. Liddell (*Pro Hac Vice*)
W. Andrew Liddell (*Pro Hac Vice*)
P.O. Box 300488
Austin, TX 78705
Tel.: (737) 351-5855
E-mail: julie.liddell@edtech.law
andrew.liddell@edtech.law

*Attorneys for Plaintiffs*

*Additional Attorneys on Signature Block*

PERKINS COIE LLP
Sunita Bali (Bar No. 274108)
*SBali@perkinscoie.com*
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Lauren J. Tsuji (Bar No. 300155)
*LTsuji@perkinscoie.com*
Anna Mouw Thompson (*Pro Hac Vice*)
*AnnaThompson@perkinscoie.com*
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant GOOGLE LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JOEL SCHWARZ, on behalf of his minor child B.S., EMILY DUNBAR, on behalf of her minor child H.D., and MICHAEL GRIDLEY and ELIZABETH GRIDLEY, on behalf of their minor children A.G. and Z.G., individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

GOOGLE LLC,

Defendant.

Case No.: 3:25-CV-03125-RS

**JOINT CASE MANAGEMENT STATEMENT**

Date: January 22, 2026
Time: 10:00 a.m.
Location: Zoom
Judge: Hon. Richard Seeborg

Plaintiffs Joel Schwarz, on behalf of and as parent and guardian of his minor child B.S.; Emily Dunbar, on behalf of and as parent and guardian of her minor child, H.D.; and Michael Gridley and Elizabeth Gridley, on behalf of and as parents and guardians of their minor children A.G. and Z.G. (collectively, "Plaintiffs") and Defendant Google LLC ("Google") (collectively, the "Parties"), by and through their undersigned counsel, hereby submit the following Joint Case Management Statement pursuant to the Court's November 14, 2025 Order (ECF No. 48), Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Standing Order for All Judges in the Northern District of California in the above-captioned case scheduled for January 22, 2026, at 10:00 a.m. before the Honorable Richard Seeborg.

## 1. JURISDICTION AND SERVICE

Plaintiffs contend that no issues exist regarding personal jurisdiction or venue. Google was formally served on April 23, 2025. *See* ECF No. 7. Google does not currently contest personal jurisdiction or venue for purposes of this matter. There are no other defendants in this action.

Plaintiffs allege that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) because this this is a class action in which the amount in controversy exceeds the sum or value of $5,000,000, and at least one member of the proposed class is a citizen of a state different from Google.

## 2. FACTS

### a. Plaintiffs' Statement

This is an action against Google arising from its data practices that harm children by invading their privacy. Through its school-marketed products—including Chromebook laptop computers, Chrome OS, Chrome browser, and a suite of digital products and web applications—Google generates, collects, and obtains personal and private information from, about, and

belonging to tens of millions of school-aged children in the U.S. Google makes no meaningful disclosures regarding its data mining and monetization policies and practices. Further, neither students nor their parents have agreed or consented to Google's generation, collection, or use of the children's personal and private information.

Despite Google's false and misleading statements about its commitment to privacy, after extracting the children's personal and private data, Google monetizes it for commercial purposes, including current and future product development, research, and evaluation, as well as dissemination to third parties for commercial purposes. Google provides that information to its customers (which are not the minor students or their parents), who convert that information into intimately detailed profiles on minor students, which are used to predict their behavior, manipulate how they think and act, shape their information environment, and make significant decisions affecting their lives and their futures—all without these minor students or their parents ever knowing.

Google's persistent surveillance and data-harvesting scheme does not meet general consent standards or the heightened requirements of Children's Online Privacy Protection Act. ("COPPA") *See* 15 U.S.C. § 6502; 16 C.F.R. § 312.7. Google contends that COPPA permits schools to consent in lieu of parents—and even over the objections—to Google's student data harvesting. Google relies, not on COPPA, but on Federal Trade Commission ("FTC") informal guidance regarding COPPA. Not only has the FTC expressly refuted Google's interpretation of its guidance, informal agency guidance does not preempt all state law on the issue of consent either under the text of COPPA or well-established preemption principles.

Further, Google's generation, collection, and use of children's personal and private information without the consent of the children or their parents is a violation of their constitutional

rights. 42 U.S.C. § 1983 (Violation of Fourth and Fourteenth Amendments). Google was not authorized to intercept and track the children's communications, in violation of the Federal Wiretap Act. 18 U.S.C. § 2510. Among other causes of action, Plaintiffs also allege violations of state and common law privacy-related statutes. This action also seeks to certify a subclass of class members from California on the basis of California claims.

**b. Google's Statement**

Plaintiffs appear to allege that Google collects, uses, and discloses information about K-12 students when students use Google's educational products and services in their schools. Plaintiffs' allegations focus specifically on (1) Google Workspace for Education ("GWFE"), which is a suite of Google tools that schools can choose to make available to students and teachers to help facilitate classroom learning; (2) Google Chromebooks, which are laptops running Chrome OS; (3) Chrome OS, which is Google's cloud-based operating system, and (4) the Google Chrome web browser.

Plaintiffs' lawsuit appears to be based on their theory that Google does not obtain effective consent to collect, use, or disclose students' data because such consent is not obtained directly from parents. But the Children's Online Privacy Protection Act ("COPPA") permits technology providers like Google to rely on schools for consent. Plaintiffs' claims are thus preempted by COPPA and barred by the consent that schools provide on behalf of students.

Moreover, Plaintiffs' complaint is utterly devoid of the factual allegations necessary for Plaintiffs to plead the elements of any of their various causes of action. The Complaint provides no factual detail about Plaintiffs' personal experiences with Google's products and services, and no factual basis for their conclusory assertions about what Google purportedly does or does not do with their data. For example, the Complaint does not specify Plaintiffs' ages, what schools

they attend, when they used GWFE, which GWFE applications they used or how, when or how they used Google Chrome, what information Plaintiffs provided through their use of GWFE and/or Google Chrome, which GWFE applications Plaintiffs' teachers used, what information Google allegedly disclosed about Plaintiffs, or to whom Google purportedly disclosed such information. Nor does the Complaint identify any *specific* contradictions or material omissions in the Google policies, terms, agreements, and FAQs that are incorporated by reference into the Complaint and which transparently disclose Google's practices with respect to the Google products and services at issue.

Google denies that it has violated any law with respect to the products and services at issue, and that Plaintiffs are entitled to any relief sought in their Complaint.

## 3. LEGAL ISSUES

### a. Plaintiffs' Statement

Plaintiffs allege that Google violated federal and state laws by unlawfully extracting, storing, using, and disclosing children's personal and private information. (42 U.S.C. § 1983, Violation of Fourth and Fourteenth Amendments; 18 U.S.C. § 2510; Cal. Penal Code §§ 631, 632; Cal. Penal Code § 502; Cal. Bus. & Prof. Code § 17200; Invasion of Privacy—Public Disclosure of Private Acts; Intrusion Upon Seclusion; Unjust Enrichment.) Prior to engaging in discovery, Plaintiffs have identified the following legal issues that should be resolved:

- Whether Google's disclosures regarding its data practices meet general notice requirements.
- Whether Google's disclosures regarding its data practices meet COPPA notice requirements.
- Whether Google provides parents of children under 13 access to their children's data as required by COPPA;
- Whether Class Members had a reasonable expectation of privacy in their personal data;

- Whether Google's intrusion upon Class Members' privacy was highly offensive;
- Whether Google is a state actor under 42 U.S.C. section 1983.
- Whether Google's non-consensual tracking and taking of Class Members' personal and private information violated their Fourth Amendment right to be free of unreasonable searches and seizures.
- Whether Google's non-consensual tracking and taking of Class Members' personal and private information violated their Fourteenth Amendment right to informational privacy.
- Whether Google has unlawfully intercepted Class Members' communications in violation of the Federal Wiretap Act, 18 U.S.C. § 2520(a), by intentionally and without consent tracking and collecting consumer browsing history and other web activity data without informed consent that is clearly and unmistakably stated.
- Whether Google's non-consensual tracking and collecting of Class Members' personal information, including but not limited to their browsing history and other web activity data violated sections 631 and 632 of the California Invasion of Privacy Act.
- Whether Google's non-consensual tracking and collecting of Class Members' personal information, including but not limited to their browsing history and other web activity data violated Plaintiffs' right to privacy under the California Constitution, Art. 1, § 1.
- Whether Google's disclosure of Class Members' personal and private information constituted a public disclosure of that information.
- Whether Google's non-consensual tracking and collecting of Class Members' personal and private information constitutes an intrusion upon seclusion.
- Whether Google's non-consensual tracking and collecting of Class Members' personal and private information constitutes a violation of California's Unfair Competition Law.
- Whether Google procured a benefit at the Class Members' expense that would be unjust for Google to retain.
- Whether a class should be certified under Federal Rule of Civil Procedure 23.
- Whether Class Members are entitled to declaratory and/or injunctive relief to enjoin the unlawful conduct alleged in the Complaint.
- Whether Class Members have sustained damages as a result of Google's conduct and, if so, what is the appropriate measure of damages, including restitution.

**b. Google's Statement**

Google identifies the following legal issues:

- Whether Plaintiffs have failed to adequately plead their claims alleging violations of 42 U.S.C. § 1983 (Fourth and Fourteenth Amendments to the U.S. Constitution), 18 U.S.C. § 2510, *et seq.* (Federal Wiretap Act), Cal. Penal Code §§ 631, 632 (California Invasion of Privacy Act), Cal. Penal Code §§ 502, *et seq*. (Comprehensive Computer Data Access and Fraud Act), Cal. Bus. & Prof. Code § 17200, *et seq*. (California's Unfair Competition Law), or their common law claims for invasion of privacy, intrusion upon seclusion, and unjust enrichment;
- Whether the alleged conduct is lawful under the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. §§ 6501, *et seq.*; the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR part 99; and controlling state laws;
- Whether Plaintiffs' claims are preempted by COPPA;
- Whether Plaintiffs consented to the collection, use, or disclosure of the data at issue here, including through consent provided on their behalf from the relevant schools or school districts;
- Whether any of Plaintiffs' claims are suitable for class treatment under Fed. R. Civ. P. 23;
- Whether Plaintiffs and members of the putative class are entitled to any relief whatsoever.

Google reserves all rights to identify additional legal issues as the case progresses

**4. MOTIONS**

As of the date of this filing, this Court has ruled on motions for leave to appear *pro hac vice* (ECF Nos. 12, 18, 24, 25). On January 13, 2026, the Parties filed a Stipulated Protective Order (ECF No. 52) and Stipulated Order RE: Discovery of Electronically Stored Information (ECF No. 53).

**a. Plaintiffs' Statement**

At the earliest practicable time after conducting adequate discovery, Plaintiffs will move to have the claims certified for class treatment under Fed. R. Civ. P. 23. Plaintiffs may also bring a motion for partial summary judgment on specific legal issues. The Parties may make various discovery and pretrial motions, as necessary.

**b. Google's Statement**

On July 14, 2025, Google filed a motion to dismiss the action in its entirety for failure to state a claim. ECF No. 31. That motion is fully briefed, and argument was heard on October 23, 2025. *See* ECF No. 43; *see also* ECF Nos. 37, 38. In the event Google's motion to dismiss is denied in whole or in part, Google will consider filing an early motion for summary judgment on Plaintiffs' individual claims if discovery shows that there are grounds for such a motion. Google also anticipates vigorously opposing any motion for class certification. Google may also file discovery and other pretrial motions as necessary.

**5. AMENDMENT OF PLEADINGS**

Plaintiffs reserve their right to amend the Class Action Complaint consistent with Fed. R. Civ. P. 15, including to the extent any order from the Court requires or permits further amendment. Google agrees that Fed. R. Civ. P. 15 should govern the amendment of pleadings.

**6. EVIDENCE PRESERVATION**

The Parties have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred under Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

The Parties exchanged initial disclosures on August 11, 2025.

**8. DISCOVERY**

Plaintiffs served requests for production and interrogatories on June 18, 2025, and July 10, 2025, respectively. Google timely served its written responses and objections to both sets of requests on August 11, 2025. Google served requests for production and interrogatories on Plaintiffs on August 6, 2025, and Plaintiffs timely served their written responses to both sets of

requests on October 6, 2025.

**a. Plaintiffs' Statement**

Plaintiffs anticipate seeking discovery from Google through requests for production of documents, interrogatories, requests for admission, and depositions. Additionally, Plaintiffs anticipate they will also conduct third-party discovery. Plaintiffs do not believe it would be efficient or productive to limit or focus discovery on particular issues at this time. Plaintiffs anticipate that they may need to seek relief from the standard limits on the number of deponents and/or interrogatories if the parties will not agree, but seek permission to take ten party depositions, which excludes any expert or non-party depositions. However, the extent of any anticipated relief from the rules is not known at this time, and Plaintiffs will coordinate discovery as required to minimize burden and inconvenience. Plaintiffs reserve all rights to seek relief at an appropriate time in the future.

Plaintiffs anticipate requesting discovery related to their claims and Google's defenses, including materials related to: (i) student use of Google's products; (ii) Google's extraction, generation, collection, and use of student data; (iii) schools that use Google's products; (iv) revenue, sales, and profits obtained as a result of Google's non-consensual extraction student data; (v) marketing and advertisements related to Google's products and student data; (vi) Google's source code; and (vii) consumer surveys, focus groups, and research.

**b. Google's Statement**

Google anticipates that it will seek discovery, including written discovery and depositions, from Plaintiffs and their minor children regarding, among other things, (i) their alleged use of GWFE, Chromebooks, Chrome OS, and Google Chrome; (ii) their consent to the alleged collection of data at issue here, including consent provided on their behalf from the relevant

school districts; (iii) Plaintiffs' communications with their schools and school districts regarding Google or any Google products and services; (iii) the nature of any injuries or damages alleged by Plaintiffs; and (iv) issues related to class certification, among others. Google may also seek discovery from non-parties, including the relevant schools and school districts. At this time, Google believes that the default discovery limitations under the Federal Rules of Civil Procedure will suffice, but reserves the right to request additional discovery as needed. Google opposes any request by Plaintiffs to expand the limits on discovery under the Federal Rules of Procedure as premature, and instead proposes that the parties meet and confer regarding any such request as discovery proceeds.

Google reserves the right to raise additional issues regarding discovery, including proposed limitations or modifications to discovery, as the case proceeds.

## 9. CLASS ACTIONS

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

### a. Plaintiffs' Statement

Plaintiffs will move to have the claims certified for class treatment under Fed. R. Civ. P. 23. This action is maintainable as a class action under Fed. R. Civ. P. 23(a)(1)-(4), 23(b)(2), 23(b)(3), and/or 23(c)(4). *See* Dkt. 1 at ¶¶ 338-343. Numerous common issues of law and fact exist here that predominate over the liability inquiry under each claim. Additionally, the alleged harm was the result of Google's common course of conduct and Plaintiffs and the proposed class are entitled to both damages and injunctive relief. The Complaint identifies the following classes for certification, for which Plaintiffs reserve the right to modify the definition based on further investigation and discovery in the case:

**<u>Nationwide Class</u>:** All persons in the United States who attend or attended a K-12 public school who used Google's Products, defined herein as the Chromebook, Chrome OS, Chrome browser, and Workspace for Education, as part of their schooling

**<u>California Subclass</u>:** All persons in California who attend or attended a K-12 public school who used Google's Products, defined herein as the Chromebook, Chrome OS, Chrome browser, and Workspace for Education, as part of their schooling.

Dkt. 1 at ¶¶ 332, 333. Plaintiffs believe the evidence will establish that class certification is appropriate.

**b. Google's Statement**

Google does not believe that this action is suitable for class treatment and will oppose any motion for class certification because Plaintiffs cannot satisfy the requirements of Fed. R. Civ. P. 23.

**10. RELATED CASES**

**a. Google's Statement**

Google believes *John and Jane Roe, on behalf of themselves and their minor child, M.C. v. Google LLC*, No. 25-cv-08927 (N.D. Cal.) (filed Oct. 17, 2025) is related under Local Civil Rule 3-12, and has filed an Administrative Motion to Consider Whether Cases Should be Related (ECF No. 49). Google believes that *Z.G., by and through her guardian ad litem Michael Gridley v. Google LLC*, No. 25CV468773 (Cal. Super. Ct., Santa Clara Cnty.) (filed June 20, 2025) is subject to disclosure under Local Civil Rule 3-13, and has filed a Notice of Pendency of Other Action or Proceeding (ECF No. 50).

**b. Plaintiffs' Statement**

Plaintiffs note that a state court case may not be related to a federal court case on the basis

of a local federal rule, thus the Z.G. case may not be related to the present case. The M.C. case may not be related to the present case because it does not meet any of the criteria of Local Rule 3-12.

**11. RELIEF**

**a. Plaintiffs' Statement**

Plaintiffs seek judgment against Google and ask that the Court grant the following: class certification, compensatory and consequential damages, punitive damages, disgorgement of profits, restitution, nominal damages, and injunctive and declaratory relief. Plaintiffs' damages claims include statutory, actual, common law, and/or punitive damages, as well as pre- and post-judgment interest, reasonable litigation expenses, costs of suit, and attorneys' fees, and any further relief as the Court deems appropriate.

The Court may award statutory damages of not less than $100 per day for each violation or $10,000 or the sum of actual damages plus any profits made by Google, whichever is greater, for violation of the Federal Wiretap Act,18 U.S.C. § 2520(e)(2), as well as statutory damages of $5,000 or three times the amount of actual damages, whichever is greater, for violation of the California Invasion of Privacy Act, Cal. Penal Code § 637.2. The precise number of Class Members during the relevant period is subject to discovery, and the extent of actual, common law, and/or punitive damages is subject to discovery as well as expert testimony. As a result, Plaintiffs cannot presently provide an estimate of the total damages potentially recoverable against Google should the Class(es) be certified and prevail at trial.

**b. Google's Statement**

Google denies all liability in this matter and denies that any relief is warranted. Google does not seek relief from Plaintiffs at this time but reserves the right to seek such relief should it

become appropriate as the case develops.

**12. SETTLEMENT AND ADR**

No settlement discussions have taken place. Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, the Parties met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications. *See* ECF Nos. 20, 21. The Parties do not believe that ADR is appropriate at this time but are open to further discussing ADR at the appropriate time.

**13. OTHER REFERENCES**

The Parties agree that at this time, this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The Parties reserve their rights on the suitability of these mechanisms if facts or circumstances change.

**14. NARROWING OF ISSUES**

The Parties are not presently aware of any issues that may be narrowed by agreement but remain open to meeting and conferring regarding the potential narrowing of issues at the appropriate time.

**15. EXPEDITED TRIAL PROCEDURE**

The Parties agree that this case is not the type that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. SCHEDULING**

No case schedule has been entered in this case.

**a. Plaintiffs' Statement**

Plaintiffs agree to the schedule Google proposes below. Plaintiffs do not agree that the Court should wait until the pending motion to dismiss is decided.

**b. Google's Statement**

Google proposes that the Court set a case schedule after Google's forthcoming motion to dismiss is decided. At that time, the Parties will have further clarity regarding the scope of this case, including the factual and legal issues in dispute, and can meet and confer to attempt to reach agreement on a proposed schedule. Alternatively, if the Court's preference is to set a case schedule now, Google proposes the following:

| Event | Deadline |
|---|---|
| Fact Discovery Cutoff | November 13, 2026 |
| Deadline to file Motion for Class Certification | February 15, 2027 |
| Deadline to file Opposition to Motion for Class Certification | April 12, 2027 |
| Deadline to file Reply ISO Motion for Class Certification | May 21, 2027 |
| Expert Disclosures | July 23, 2027 |
| Rebuttal Expert Disclosures | September 6, 2027 |
| Expert Discovery Cutoff | October 18, 2027 |
| Deadline to file Dispositive Motions | December 6, 2027 |

**17. TRIAL**

i. **Plaintiffs' Statement**

Plaintiffs anticipate that this case will be tried to a jury and the expected length of the trial is six days for Plaintiffs to present their case and two days for voir dire, openings, and closings. The additional two days includes time for both parties to complete jury selection, openings, and closings. This totals eight trial days plus the time Google needs to present its case and cross-examine Plaintiffs' witnesses.

**b. Google's Statement**

Google cannot accurately estimate the length of trial or propose trial-related deadlines

until the scope of this case is made clear by the Court's ruling on Google's pending motion to dismiss, and the Parties' anticipated motions for class certification and summary judgment.

**18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have filed Certifications of Interested Entities or Persons per Civil Local Rule 3-15. Google filed its corporate disclosure statement on May 12, 2025. *See* ECF No. 15.

**19. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. ANY OTHER MATTERS**

**a. Plaintiffs' Statement**

A complex privacy class action presents special case-management issues, in particular the efficient and timely completion of discovery. Given the issues likely to arise in the course of litigating this matter, Plaintiffs believe that these actions would benefit from quarterly status conferences in person or remotely on dates and at times convenient for the Court. *See* Manual for Complex Litigation, Fourth § 11.22 (2004). To the extent such status conferences are held, Plaintiffs propose jointly filing a Status Conference Report seven days in advance of a scheduled Status Conference setting forth what issues, if any, there are for discussion with or resolution by the Court.

**b. Google's Statement**

Google believes that setting quarterly status conferences is premature and unnecessary at this time. Google suggests that the Parties meet and confer as to any issues, including discovery issues, that may arise during the course of this case and attempt to resolve issues without the Court's intervention, and request status conferences only as needed.

Dated: January 15, 2026

By: _/s/ Rebecca A. Peterson_
Rebecca A. Peterson (241858)
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Tel.: (612) 778-9595
Fax: (888) 421-4173
E-mail: RPeterson@4-Justice.com

EDTECH LAW CENTER PLLC
Julie U. Liddell
W. Andrew Liddell
P.O. Box 300488
Austin, TX 78705
Tel.: (737) 351-5855
E-mail: julie.liddell@edtech.law
andrew.liddell@edtech.law

GEORGE FELDMAN MCDONALD, PLLC
David Geroge
Brittany Sackrin
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33467
Tel.: (561) 232-6002
Fax: (888) 421-4173
E-mail: DGeorge@4-Justice.com
BSackrin@40Justice.com

GEORGE FELDMAN MCDONALD, PLLC
Lori G. Feldman
Michal Liskow (243899)
745 Fifth Avenue, Suite 500
New York, NY 10151
Tel.: (917) 983-9321
Fax: (888) 421-4173
E-mail: LFeldman@4-Justice.com
MLiskow@4-Justice.com

GUSTAFSON GLUEK, PLLC
Daniel E. Gustafson
Catherine Sung-Yun Smith
Shashi K. Gowda
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Tel.: (612) 333-8844
Fax: (612) 339-6622

E-mail: dgustafson@gustafsongluek.com
csmith@gustafsongluek.com
sgowda@gustafsongluek.com

*Counsel for Plaintiffs and the Proposed Class*

**PERKINS COIE LLP**

By: */s/ Sunita Bali*

Sunita Bali (Bar No. 274108)
*SBali@perkinscoie.com*
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Lauren J. Tsuji (Bar No. 300155)
*LTsuji@perkinscoie.com*
Anna Mouw Thompson (*Pro Hac Vice*)
*AnnaThompson@perkinscoie.com*
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant GOOGLE LLC*